IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. HINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-41 |
| JOHN B. STEVENS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert D. Hinson, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against John B. Stevens and Bob Wortham.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In June, 2018, Plaintiff claims Defendant Bob Wortham, formerly the District Attorney for Jefferson County, Texas, lodged a detainer against him. Plaintiff claims he wrote Defendant Wortham on October 1, 2020 asking for a bench warrant but complains he did not receive a bench warrant until August 19, 2021. Plaintiff claims the detainer prevented him from being an outside trustee and being in the college-level electrical trade class.

Defendant John B. Stevens is a state district judge currently presiding in Jefferson County, Texas. Plaintiff claims he wrote to District Clerk Jamie Smith on October 1, 2020 asking for a copy of the indictment in addition to a speedy trial, court-appointed counsel, and a bench warrant. Plaintiff complains that once he was bench-warranted for the detainer he was not provided a speedy trial and his motions were not ruled upon. Plaintiff claims the charge against him was dismissed on October 10, 2022, over two years after he first asked for a speedy trial. Plaintiff contends the failure to answer his motions prevented him from being an outside trustee, having outside jobs, and participating in the college-level electrical and truck driving trade classes.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570).

Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

Analysis

*Prosecutorial Immunity*

Plaintiff has named Bob Wortham, a former District Attorney for Jefferson County, Texas, as a defendant in this action. Prosecutors are absolutely immune from monetary liability for "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). A prosecutor's absolute immunity extends to the handling of appeals and other post-conviction proceedings. *Henzel v. Gerstien,* 608 F.2d 654 (5th Cir. 1979); *Stewart v. Deghroony,* 566 F.Supp. 1256, 1257 (E.D.Mo. 1983). A prosecutor's immunity is not defeated by showing that the prosecutor acted wrongfully or even maliciously. *Imbler,* 424 U.S. at 427 n.27. As Plaintiff can prove no set of facts overcoming prosecutorial immunity, Plaintiff's claims against Defendant Wortham fail to state a claim upon which relief may be granted.

*Judicial Immunity*

Plaintiff's claims against Defendant Stevens concern the manner in which he conducted Plaintiff's criminal proceedings. Plaintiff complains of alleged delay in the trial concerning the charge that served as the basis for the detainer lodged against him and the alleged failure to rule on motions he had filed.

Defendant John B. Stevens is a state district judge currently presiding in Jefferson County, Texas. Judges enjoy absolute immunity in § 1983 actions for judicial acts performed in judicial proceedings. *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).

> Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction. Thus, a judge has no immunity (1) for actions taken outside of his judicial capacity, or (2) for actions that are judicial in nature by occur in the complete absence of all jurisdiction.

*Molina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citations omitted).

Except in the clear absence of jurisdiction, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356.

Plaintiff's allegations against Defendant Stevens arise out of acts performed in the exercise of his judicial functions. As Plaintiff can prove no set of facts in support of his claims which would overcome his entitlement to judicial immunity, his allegations fail to state a claim upon which relief may be granted.

## Recommendation

Plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 16th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE